# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TY SHORES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-CV-424-JMB |
| | ) |
| ARNOLD POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Ty Shores, a pretrial detainee at the Jefferson County Jail who is proceeding *pro se* and *in forma pauperis*. For the reasons explained below, the Court will dismiss this action at this time, without prejudice.

### Background

Plaintiff initiated this civil action by filing a complaint pursuant to 42 U.S.C. § 1983. He did not specifically identify a particular defendant, but he could be understood to attempt to sue Jefferson County prosecuting attorney Lindsey Whalen, and the Arnold Police Department. Provided with the complaint was a copy of a motion to suppress evidence that was prepared for a Missouri State court criminal case in which Plaintiff was a defendant.

Upon initial review of the complaint and the attachment, the Court concluded that this action was subject to dismissal. The Court gave Plaintiff the opportunity to file an amended complaint to identify the defendants, and to clearly set forth his claims and supporting allegations. In so doing, the Court explained the reasons the complaint was subject to dismissal, and gave Plaintiff clear instructions about how to prepare the amended complaint. The Court

emphasized the importance of alleging facts in support of the claims that Plaintiff wished to bring against each named defendant. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2)(B).

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Detectives Chiodini, Howell, and Phillips, and Jefferson County prosecuting attorney Lindsey Whalen. Plaintiff sues Chiodini in an individual and official capacity. He does not specify the capacity in which he sues the remaining defendants.

Plaintiff alleges that Chiodini "charged me with evidence he didn[']t locate in or on my person," and "lied in his deposition and his [illegible] police report stating he found narcotics in the seat I was sitting in when in fact he didn[']t even search my side of the vehicle another officer Det. Howell searched the car I was [illegible]." Doc. [8 at 3]. Plaintiff also writes: "mentally and [illegible] abuse." *Id.* Regarding Whalen, Plaintiff alleges she "enhanced the crimes that were filed a possession changed a class C felony to a class A trafficking was wrongfully accused," opposed granting him bail, brought charges against him "that are not true like false charges she says is pending that are not filed," and "denied me any treatments and all programs I applied for." *Id.* at 4.

Plaintiff claimed he had been "mentally and emotionally and physically abused," and is "considered a danger to society and have no violence on my record at all." *Id.* The amended complaint contains no allegations against Howell or Phillips. Plaintiff claims he suffered psychological injury, and he seeks $1.5 million in damages.

Plaintiff again provides a copy of a motion to suppress evidence prepared for a Missouri State court criminal case in which he was a defendant. In the motion, it is stated that Chiodini

2

and Howell "made contact with the occupants of a Pontiac Grand Prix" in which Plaintiff was a passenger, and "officers" searched the vehicle after a police K9 officer gave a positive indication of the presence of a narcotic odor. *Id.* at 11. Unspecified "officers" seized capsules, white colored rocks, a grinder, a smoking device, and other items. *Id.* at 12. "After the search, [Plaintiff] was placed under arrest." *Id.* The motion states, in conclusory fashion, that the arrest and seizure were unlawful, and asks the Missouri State court to exclude the seized evidence.

**Legal Standard**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Discussion**

Having thoroughly reviewed and liberally construed the amended complaint and the attachment, the Court concludes that this action must be dismissed. Naming Chiodini in his official capacity is the equivalent of naming the governmental entity that employs him, which according to Plaintiff is the Arnold Police Department. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (in an official capacity claim against an individual, the claim is actually "against the governmental entity itself."). The Arnold Police Department is not an entity that is subject to a § 1983 suit. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Additionally, the amended complaint does not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violations. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978) (describing a municipal liability claim).

4

The amended complaint also fails to state a plausible individual capacity claim against Chiodini. The amended complaint asserts, in a vague and conclusory fashion, that Chiodini charged Plaintiff with evidence that was not on his person, and lied in a deposition and police report. In the attached motion, it is alleged that Chiodini was one of the officers who "made contact" with the occupants of a car in which Plaintiff was a passenger.

Plaintiff obviously believes, and suggests, that Chiodini engaged in wrongdoing. However, despite the Court's prior instruction, Plaintiff alleges no facts from which the Court can discern a plausible claim for relief against Chiodini. *See Twombly,* 550 U.S. at 557 (if the well-pleaded facts are merely consistent with wrongdoing, the complaint stops short of the line between possibility and plausibility). Although plaintiff was not required to allege facts in painstaking detail, he was required to allege sufficient facts to "raise a right to relief above the speculative level," and he has simply failed to do so. *Id.* at 555. Having liberally construed plaintiff's allegations against Chiodini, the Court concludes they imply only the "mere possibility of misconduct," and fail to give rise to a plausible entitlement to relief. *Iqbal,* 556 U.S. at 679. The Court previously advised Plaintiff of the importance of alleging facts in support of his claims. The Court will not now supply additional facts, nor will the Court construct a legal theory for Plaintiff that assumes facts that have not been pleaded. *See Stone*, 364 F.3d at 914.

Regarding Whalen, the amended complaint fails to state an official capacity claim[1] because it contains no allegations that would state a claim against her employer, which Plaintiff identifies as Jefferson County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (A claim against a public official in her official capacity is merely another way of pleading an action directly

---

[1] Because Plaintiff did not specify the capacity in which he sued Whalen, the Court interprets the amended complaint as alleging only official capacity claims. *See Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007) (quotation omitted) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."). Even so, the Court will address whether the amended complaint would state an individual capacity claim against Whalen.

against the public entity itself); *Monell,* 436 U.S. at 690-91 (describing a municipal liability claim).

To the extent Plaintiff can be understood to sue Whalen in her individual capacity, he fails to state a plausible claim for relief. Plaintiff alleges that Whalen charged him with a more serious offense than was warranted, filed false charges against him, opposed granting him bail, and opposed his acceptance into unidentified programs. At best, these are the type of "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). The Court previously advised Plaintiff of the importance of alleging facts in support of his claims. The Court will not now supply additional facts, nor will the Court construct a legal theory for Plaintiff that assumes facts that have not been pleaded. *See Stone*, 364 F.3d at 914.

Additionally, to the extent Plaintiff seeks to hold Whalen accountable for actions she took within the scope of initiating and pursuing a criminal prosecution, his claims are subject to dismissal. Prosecuting attorneys are "absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Woodworth v. Hulshof,* 891 F.3d 1083, 1089 (8th Cir. 2018) (quoting *Burns v. Reed,* 500 U.S. 478, 486 (1991)). *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution).

In the caption of the amended complaint, Plaintiff identifies Detectives Howell and Phillips as defendants. However, in setting forth his statement of claim, Plaintiff does not mention them, much less allege they were personally involved in any conduct that violated his federally-protected rights. Howell is mentioned in the attachment to the amended complaint, but

6

there are no factual allegations that would state a claim against him. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

After carefully reading and liberally construing the amended complaint and the attachment, the Court concludes this action must be dismissed. This is not a situation in which plaintiff should be allowed to file a second amended complaint, as he did not follow all the Court's instructions and cure the deficiencies in the original complaint when previously allowed to amend. The Court will therefore dismiss this case at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of December, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE